UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CIVIL ACTION NO. 4:04CV129-EHJ

LILLIE I. ROWE											PLAINTIFF

v.

JO ANNE BARNHART,
Commissioner of Social Security							DEFENDANT

### MEMORANDUM OPINION

This case is before the Court upon plaintiff Lillie Rowe's objections to the proposed findings and recommendations of the United States Magistrate Judge. The Court has conducted a de novo review of those matters that are the subject of specific written objection, and is of the opinion that the proposed findings and recommendations should be adopted, and the decision of the Commissioner should be affirmed.

Ms. Rowe filed an application for disability insurance benefits on May 17, 2002, alleging that she became disabled on April 15, 2002 as a result of a crushed bone in her right knee, a left wrist which was broken several times, a cyst in her wrist, small blood clot, and back pain (Tr. 103). After a hearing on September 22, 2003, Administrative Law Judge James Craig ("ALJ") found that Ms. Rowe has severe impairments of status post right tibia fracture, status post left wrist fracture, an affective disorder, borderline intellectual functioning, and a somatoform disorder. The ALJ found these conditions to be severe impairments, but they were not deemed to meet or medically equal listed impairments. Though she may not return to her previous relevant work, the ALJ found that Ms. Rowe retains the residual functional capacity to perform some sedentary work.

The plaintiff has filed objections to the magistrate's report, arguing that the ALJ's Decision was erroneous as a subsequent application for benefits that was granted and made effective on

October 17, 2003, only one day after the first unfavorable Decision at issue in this appeal. Accordingly, plaintiff seeks remand pursuant to sentence six of 42 U.S.C. §405(g) for the Commissioner to take additional evidence. However, this provision only applies upon a showing that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding.

Plaintiff argues that the bases of her claims for disability were exactly the same in both applications, and that nothing changed in the twenty-four hours between the denial on October 16, 2003 and the award of benefits effective as of October 17, 2003. However, this Court finds that there is a significant difference between the first application and the second. As noted by the magistrate, the Notice of Reconsideration of plaintiff's second application indicates, "Review of records collected *from after that date* (date of the unfavorable ALJ Decision) have suggested a fully favorable onset date set at the day following the court decision, that of 10/17/2003." The unfavorable Decision at issue in this appeal was effective from April 15, 2002 through October 16, 2003. Because the subsequent award was based upon new medical evidence generated after the October 16, 2003 Unfavorable Decision, plaintiff's argument requesting remand for consideration of new and material evidence must fail.

In sum, the magistrate's analysis of the issues and application of the law are appropriate, and his recommendations are adopted. While the Court is sympathetic to Ms. Rowe's situation, it finds no misapplication of the regulations. Though this Court may have analyzed the evidence differently to reach a contrary conclusion, it is bound to uphold the Commissioner, Crum v. Sullivan, 921 F.2d 642, 644 (6th Cir. 1990).